IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALVIN S. CARTER**                                                                                           **PLAINTIFF**

v.                                                        CIVIL ACTION NO.: 3:22-cv-00605-HTW-LGI

**FAIRWAY INDEPENDENT
MORTGAGE CORPORATION**                                                                 **DEFENDANT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court *sua sponte* as a Motion to Dismiss Plaintiff's Complaint [1]. After consideration of the record and relevant legal authority, the undersigned recommends that this civil action be dismissed without prejudice.

I. BACKGROUND

On October 14, 2022, Plaintiff Alvin S. Carter ("Plaintiff" or "Carter"), filed this action, against Defendant Fairway Independent Mortgage Corporation, alleging violations of the Homeowners Loan Act. Doc. *See* Complaint, [1-5]. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. *See* Doc. [2]. On October 27, 2022, this Court granted Plaintiff's IFP Motion and directed the United States District Clerk to accept the Complaint filed by Plaintiff without prepayment of filing fees. *See* Order, Doc. [5].

On September 11, 2023, the Court issued its Order directing the Clerk to mail summons forms to Plaintiff. *See* Order, Doc. [7]. The order warned Plaintiff, that pursuant to Local Uniform Civil Rule 4(a), it was his responsibility to prepare the summons to be served on Defendant, and it directed Plaintiff to present the completed summon(s), with a full and complete street address for service to the Clerk of Court for issuance. *Id*. Further, the Court advised Plaintiff that the case could not proceed until Defendant(s) had been served. *Id*. A copy of the Court's Order [7] was

1

mailed to Plaintiff on September 11, 2023 and again on November 28, 2023. *See* Staff notes, dated 9/11/23 and 11/28/23, providing: "Staff notes. Copy of NEF and Order 7 mailed to Alvin S. Carter, 114 Carl Avenue, Ridgeland, MS 39157-1818."

On April 15, 2024, the Court entered an Order to Show Cause, directing Plaintiff to show cause, within thirty days, as to why he has not served Defendant, or to serve process on the Defendant. *See* Order, Doc. [8] at 2. The order also warned that Plaintiff's "failure to serve process or respond to th[e] Court's Order on or before May 15, 2024, may result in the dismissal of his Complaint. . . ." *Id*. A copy of the order was mailed to Plaintiff's physical address. Plaintiff has not responded to the Court's Order [8], and the time to do so has passed.

## II. ANALYSIS

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or follow a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action *sua sponte* to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Id*. Dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), and is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

The Court warned Carter that it may dismiss this action without prejudice if he did not timely respond to the Show Cause Order. Carter did not respond. The undersigned therefore

2

recommends dismissal of this case without prejudice, under Rule 41(b) for failure to prosecute and for failure to obey a Court order.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 31st day of May, 2024.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE